UNITED STATES COURT OF APPEALS

**Filed 4/26/96**

TENTH CIRCUIT

RONALD CLASSEN,

    Petitioner - Appellant,

    v.

JOE SPRUNK, Warden; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 95-2095

(D.C. No. CIV-94-1445-JP)

(D. N.M.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

After examining the Appellant's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This matter is before the court on Petitioner's Application for Certificate of Probable Cause. We issue the certificate and proceed to the merits of the case.

Petitioner Ronald Classen, an inmate at the Cibola County Corrections Center in Milan, New Mexico, brought this pro se and in forma pauperis action under 28 U.S.C. § 2254. Mr. Classen is serving a nine-year sentence for statutory rape and contributing to the delinquency of a minor. It appears that Mr. Classen's complaints stem from his custody level classification, which he considers too restrictive.[1]

In his petition, Mr. Classen asserted six grounds for habeas relief. First, he claimed that his due process rights have been violated because prison officials have abused their discretion by misapplying statutes to justify their setting of his custody level. Second, he asserted he was denied due process because he had no opportunity to present his arguments at a hearing regarding his custody level classification. Third, he claimed New Mexico's inmate release program is unconstitutional because it grants prison officials punitive decision-making powers. In his fourth and fifth claims, he asserted that

_____

[1] It is impossible to determine for certain from Mr. Classen's petition, but it appears that he is in administrative segregation. Generally, "[a]dministrative segregation may be imposed when an inmate poses a threat to security, when disciplinary charges are pending against an inmate, or when an inmate requires protection." Hewitt v. Helms, 459 U.S. 460, 463 n.1 (1983).

his custody level classification by the New Mexico Department of Corrections violated his equal protection rights. Sixth, he claimed his Eighth Amendment rights were violated because he is housed in an overcrowded facility without programming and gradual reintegration through a work release program.

We have carefully reviewed the district court's dismissal of Mr. Classen's claims, and we find no reversible error.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge